# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH MANGAN, as parent and natural Guardian of AM, a minor<br>138 Old Ashley Road<br>Hanover Township, PA 18706<br>*Plaintiffs*<br>vs.<br><br>HANOVER AREA SCHOOL DISTRICT<br>1600 Sans Souci Parkway<br>Hanover Township, PA 18706<br>And<br>KATHERINE HEALEY<br>1600 Sans Souci Parkway<br>Hanover Township, PA 18706<br>And<br>RUSSELL DAVIS<br>1600 Sans Souci Parkway<br>Hanover Township, PA 18706<br>*Defendants* | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>NO. |

## **COMPLAINT**

Plaintiff, Joseph Mangan, as parent and natural guardian of AM, a minor, by and through his undersigned counsel, now presents the following claims against Defendants, Hanover Area School District, Katherine Healey, and Russell Davis[1] in order to recover for life altering injuries sustained by minor AM due to the actions of Defendants pursuant to the Fourteenth Amendment to the United States Constitution, and 42 U.S.C. §1983. In support of his claims, Plaintiff Mangan avers the following:

## **PARTIES**

1.  Plaintiffs, Joseph Mangan, is an adult individual and parent and natural guardian of minor Plaintiff, AM, residing at 138 Old Ashley Road, Hanover Township, PA 18706.

---

[1] Hanover Area School District, Ms. Healey, and Mr. Davis will be collectively referred to throughout this Complaint as "Defendants."

4877-2452-3575, v. 1

2. Minor Plaintiff, AM, is currently sixteen (16) years old, and resides with her father at the aforementioned address. At all times relevant hereto, AM was a student at Hanover Area High School and a member of the Varsity Girls Softball team.

3. Defendant, Hanover Area School District, is a municipal corporation or other similar entity existing under and by virtue of the laws of the Commonwealth of Pennsylvania with administrative offices located at 1600 Sans Souci Parkway, Hanover Township, PA 18706.

4. At all times relevant hereto, Hanover Area School District had the legal responsibility to educate all school age children who resided in Hanover Township.

5. By virtue of its status as a public school district in the Commonwealth of Pennsylvania, Hanover Area was and is a "state actor" for purposes of the Fourteenth Amendment to the United States Constitution and 42 U.S.C. §1983, and at all times relevant hereto was acting under color of state law.

6. Defendant, Katherine Healey, at all times relevant hereto, was both a teacher, and the Varsity Girls Softball Coach at Hanover Area High School, and an employee of Hanover Area School District.

7. By virtue of her employment status, Ms. Healey was a "state actor" for purposes of the Fourteenth Amendment to the United States Constitution and 42 U.S.C. §1983, and at all times relevant hereto was acting under color of state law.

8. Defendant, Russell Davis, at all times relevant hereto, was employed as Athletic Director at Hanover Area School District, and in this capacity was responsible for overseeing the athletics program within the district including hiring, retention, and supervision of all coaches.

9. By virtue of his employment status, Mr. Davis was a "state actor" for purposes of the Fourteenth Amendment to the United States Constitution and 42 U.S.C. §1983, and at all times relevant hereto was acting under color of state law.

## JURISDICTION AND VENUE

10. This Honorable Court has original jurisdiction over the claims set forth herein under 28 U.S.C. §1331.

11. Venue is proper in this Court pursuant to 28 U.S.C. Sec. 1391(b)(2), as this is the judicial district where the incident that forms the basis for this action occurred.

## FACTS COMMON TO ALL COUNTS

12. On or about February 16, 2016, Defendant Healey was appointed by Hanover Area School District as the Varsity Girls Softball Coach for Hanover Area High School.

13. Upon information and belief, Defendant Healey did not complete an application for this position until March 2, 2016, several weeks after she was appointed by Hanover Area School District.

14. Upon information and belief, Defendant Healey was given preference over several more qualified candidates due to her status as an educator within Hanover Area School District.

15. In 2018, while serving as Varsity Girls Basketball Coach for Pittston Area High School, a high school within a neighboring school district, Defendant Healey was publicly accused of mistreating, harassing, and/or bullying several players.

16. The parents of the players involved spoke before the Pittston Area School Board on several occasions regarding concerns about Defendant Healey's mistreatment of players, and the allegations were covered by multiple local news outlets. At least one student elected to transfer from Pittston Area High School as a result of Defendant Healey's behavior.

17. Upon information and belief, following the 2019 basketball season the Pittston Area School District elected not to rehire Defendant Healey as Girls Varsity Basketball Coach due to the behavior described above.

18. In March 2019, a Hanover Area Girls Junior Varsity Softball Coach was informed by Defendant Healey that the pitching machine that had been used by the team was defective and should not be used as it posed a risk of harm to players and coaches. Despite this warning, Defendant Healey continued to use the defective pitching machine.

19. Throughout the 2019 softball season, multiple Hanover Area coaches and parents contacted Hanover Area Athletic Director, Russell Davis, to notify him of continuous complaints of mistreatment of players and coaches by Defendant Healey. At least one coach met with Mr. Davis to discuss this issue, but no responsive action was taken by Hanover Area School District.

20. On or about June 4, 2019, the parent of a Hanover Area girls softball player spoke before the Hanover Area School Board, expressing concern about how his daughter was being treated by Defendant Healey. This parent described Defendant Healey's bullying behavior and verbal attacks on players. Again, no responsive action was taken by Hanover Area School District.

21. After missing the 2020 softball season due to the Covid pandemic, Defendant Healey returned to coach the Hanover Varsity Girls Softball team for the 2021 season.

22. Upon information and belief, Defendant Healey continued to use the defective pitching machine referenced in paragraph 18 above during the 2021 softball season, often times allowing minor players to feed balls into the machine with limited or no adult supervision in violation of Hanover Area School District policies.

23. On or about April 1, 2021, a Hanover Area Varsity Girls Softball player suffered a fractured hand due to the continued use of the defective pitching machine. No responsive action was taken by Defendant Healey or Hanover Area School District, and the subject pitching machine remained in use.

4877-2452-3575, v. 1

24. On or about April 12, 2021, a Hanover Area Junior Varsity Girls Softball Coach again reported the defective pitching machine to Defendant Healey and expressed concern that the continued use of the machine presented a danger to players. Defendant Healey took no responsive action and continued to use the subject pitching machine.

25. Another Hanover Area Junior Varsity Girls Softball player has reported being hit by a pitch from the defective pitching machine on three (3) occasions during the 2021 softball season, with at least one of these incidents resulting in injury and requiring medical treatment. The aforementioned player has stated that she was afraid of the machine, but never made an issue of it for fear of retribution from Defendant Healey.

26. Throughout Defendant Healey's tenure as Hanover Varsity Girls Softball Coach, there have been consistent complaints from players and coaches of verbal abuse, intimidation tactics, and bullying behavior at the hands of Healey, some of which resulted in injury to players. Multiple players, including Minor Plaintiff AM, have reported that they did not voice these concerns for fear of retaliation in the form of losing playing time or being cut from the team.

27. The parents of at least one Hanover Varsity Girls Softball player have stated that Defendant Healey began mocking their daughter after they notified her of their daughter's hearing impairment.

28. The entire Hanover Area coaching staff, including Defendant Healey, were aware that Minor Plaintiff AM had been diagnosed with generalized anxiety disorder resulting from exposure to childhood trauma.

29. On or about April 27, 2021, Minor Plaintiff AM was subjected to severe verbal abuse and humiliation by Defendant Healey in front of the entire team during a softball game and experienced what she refers to as a panic attack during the game.

30. On the following day, April 28, 2021, Defendant Healey specifically and intentionally made reference to Minor Plaintiff's panic attack at practice in front of the entire

softball team, causing Minor Plaintiff further humiliation and anxiety.

31.     Defendant Healey then intentionally singled Minor Plaintiff out, specifically instructing her to pitch batting practice from close range, approximately 15-20 feet from the batter, despite the fact that an assistant coach had volunteered to pitch.

32.     On the aforementioned date, Minor Plaintiff was instructed to use a square pitching screen to protect her from the danger of batted balls. The pitching screen that was provided was in deplorable condition and required the use of heavy tarps to weigh down the base in an apparent effort to prevent the screen from blowing over due to wind. The pitching screen did not have an opening that would have allowed Minor Plaintiff to remain protected behind the screen while pitching, instead she was required to step to the side of the screen and tarps to pitch where she was unprotected from batted balls.

33.     Minor Plaintiff verbalized concern about her safety to Defendant Healey on several occasions, indicating that she was scared and did not feel safe pitching. Her concerns were ignored by Defendant Healey and her coaching staff, and the drill went forward as described above.

34.     While pitching batting practice Minor Plaintiff was hit in the back of the head by a batted ball and knocked unconscious on the field.

35.     As a result of the incident described above, Minor Plaintiff sustained severe and permanent injuries, including but not limited to concussion with ongoing cognitive dysfunction and traumatic brain injury, severe and constant headaches, cervical sprain and strain with radiculopathy, fractured left rib, numbness and tingling in her hands with color changes, brachial plexus injury, and neurogenic thoracic outlet syndrome.

36.     As a further result of the negligence, carelessness and recklessness of Defendants, Minor Plaintiff has undergone great physical pain, mental anguish, embarrassment and humiliation, and she will continue to endure the same for an indefinite time into the future, to her great detriment and loss.

37. As a further result of the negligence, carelessness and recklessness of Defendants, Minor Plaintiff and her father have become obliged to expend and/or incur large sums of money for medical attention and various purposes in an attempt to affect a cure for the aforesaid injuries, and will be compelled to expend and/or incur additional sums for such medical attention and purposes for an indefinite time into the future, to their great detriment and loss.

38. As a further result of the negligence, carelessness and recklessness of Defendants, Minor Plaintiff and her father have and may in the future expend large sums of money for expenses which have been or may be reasonably incurred in obtaining ordinary and necessary services in lieu of those which Minor Plaintiff, would have performed, not for income, but for the benefit of herself and her family if she had not been injured.

## COUNT I

39. Paragraphs 1 through 38 are incorporated herein by reference.

40. Plaintiff can recover for the dangerous condition in which Defendants placed Minor Plaintiff in accordance with the Fourteenth Amendment, and 42 U.S.C. §1983.

41. The harm inflicted upon Minor Plaintiff was foreseeable and direct in that:

    a. All of the Defendants were aware, or should have been aware, of Defendant Healey's well-documented history of mistreating and bullying players, including but not limited to forcing them to participate in drills that exposed them to unnecessary risk of injury;

    b. All of the Defendants were aware, or should have been aware, of Defendant Healey's well-documented history of continuing to use dangerous and defective equipment that exposed players to an unnecessary risk of injury;

    c. All of the Defendants were aware, or should have been aware, that the pitching screen being used for the subject batting practice drill was in deplorable condition, and didn't offer adequate protection from batted

        balls;

    d.  All of the Defendants were aware, or should have been aware, that the use of this unsafe pitching screen posed a substantial risk of harm to Minor Plaintiff and other players;

    e.  Minor Plaintiff was part of an identifiable discrete group of students that were exposed to Defendant Healey's dangerous behavior and used the defective pitching screen; and/or

    f.  Minor Plaintiff's injuries occurred shortly after she was forced to participate in the batting practice drill despite concerns for her safety, and her injuries were caused by the use of the defective pitching screen that did not offer adequate protection from batted balls.

42.    Defendants' actions, as described above, shock the conscience. None of the Defendants were in a "hyper-pressurized" environment, and they each had time to make unhurried judgments.

43.    Despite the fact that Defendants had time to make proper and informed judgments, and despite their knowledge of Defendant Healey's well-documented history of mistreating and bullying players, and using defective equipment, Defendant Healey was permitted to continue coaching the Hanover Varsity Girls Softball team with little to no oversight.

44.    Despite the fact that Defendants had time to make proper and informed judgments, Defendants ignored Minor Plaintiff's concerns for her safety and forced her to pitch batting practice from dangerously close range and without adequate protection from batted balls. The risk posed to Minor Plaintiff in the aforementioned situation was obvious.

45.    Minor Plaintiff was a foreseeable victim of Defendants' actions as she was a student at their high school and a player on the Varsity Girls Softball team that was being coached by Defendant Healey.

46. Defendants' actions created a danger to Minor Plaintiff or rendered Minor Plaintiff more vulnerable to danger in that:

   a. Defendant Healey was permitted to continue coaching Varsity Girls Softball despite multiple credible reports of mistreatment and bullying of players, including several reports of continued use of defective equipment that exposed players to unnecessary risk of injury; and/or

   b. Defendants ignored Minor Plaintiff's concerns for her safety and forced her to pitch batting practice from dangerously close range and without adequate protection from batted balls.

47. As a direct and proximate result of Defendants' actions, Minor Plaintiff has experienced the bodily injuries and resulting damages described in paragraphs 35-38 above, and will continue to experience said damages into the future.

**WHEREFORE**, Plaintiffs demand judgment against Defendants, jointly and severally, in the form of compensatory damages in an amount in excess of the statutory limit for arbitration, together with interest and costs.

## COUNT II

48. Plaintiff incorporates by reference the averments in paragraphs 1 through 47 of this Complaint as if same were set forth fully and at length herein.

49. Plaintiff can recover from Hanover Area School District in accordance with the Fourteenth Amendment, and 42 U.S.C. §1983.

50. At all time relevant hereto, it was the policy, practice, and/or custom of Defendant Hanover Area School District to dismiss the well-documented and repeated allegations of Defendant Healey's mistreatment and bullying of players and to take no responsive action to ensure that she was properly trained and/or supervised such that her players were not placed in danger in that:

   a. Defendant Healey regularly and routinely mistreated and bullied players and coaches for numerous years with these concerns being raised both in the local media and by parents before multiple school boards;

   b. Defendants Healey regularly and routinely instructed her players to use dangerous and defective equipment at practice over a period of several years resulting in multiple injuries to players, these concerns were reported to Defendants; and/or

   c. Defendants permitted Healey to continue to coach the Varsity Girls Softball team for multiple years despite this reported behavior, taking no known remedial action, and failing to provide Healey with any additional supervision to prevent this behavior.

51. Defendant Hanover Area's conduct was deliberately indifferent to the safety of Minor Plaintiff. Defendants permitted Healey to continue to coach with little to no supervision despite numerous well-founded accusations of bullying and the continued use of dangerous and defective equipment, including the pitching screen that was used for the subject batting practice drill. The risk posed to Minor Plaintiff in the aforementioned situation was obvious.

52. The consequences of Defendant Hanover Area's actions were "highly predictable." The well-documented behavior of Defendant Healey had exposed multiple players to risk of injury in the past, and there were no actions taken to correct this behavior. Moreover, the pitching screen that was being used for the subject batting practice drill was highly defective and inadequate to protect Minor Plaintiff from batted balls under the circumstances.

53. As a direct and proximate result of Defendants' actions, Minor Plaintiff has experienced the bodily injuries and resulting damages described in paragraphs 35-38 above, and will continue to experience said damages into the future.

**WHEREFORE**, Plaintiffs demand judgment against Defendants, jointly and severally, in the form of compensatory damages in an amount in excess of the statutory limit for arbitration, together with interest and costs.

### JURY DEMAND

Plaintiff demands a jury for all triable issues.

                              **Respectfully submitted:**

                              **STARK & STARK**
                              A Professional Corporation

By:   /s/*Joseph A. Cullen, Jr.*
        Ian S. Abovitz, Esquire
        Attorney Identification No.: 307724
        777 Township Line Road, Suite 120
        Yardley, PA 19067
        (267)907-9605, Telephone
        (267)907-9659, Facsimile
        iabovitz@stark-stark.com

Dated:  October 7, 2022        *Attorneys for Plaintiff*